IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| AMY MCINTIRE, Administrator of the Estate of Richard Hopkins and Individually, NATASHA BLUMENSTOCK, and AUTUMN RENEE HOPKINS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil No. 3:19-cv-00046-RP-SBJ<br><br>**ANSWER** |

Defendant, the United States of America, answers Plaintiffs' Complaint as follows:

## **NATURE OF THE ACTION**

Defendant admits that this action is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671-2680, that the Department of Veterans Affairs ("VA") provided medical and surgical care to Richard Hopkins, at its Iowa City, Johnson County, Iowa facility, and that Hopkins died. Upon information and belief, Defendant admits that Hopkins was an honorably discharged Veteran of the United States Army and was the father of three adult children, Amy McIntire, Natasha Blumenstock, and Autumn Renee Hopkins. Defendant denies all other allegations.

## **JURISDICTION**

Defendant admits that the Court has jurisdiction over the subject matter under 28 U.S.C. § 1346(b)(1).

## VENUE

Defendant admits that venue lies in the United States District Court for the Southern District of Iowa pursuant to 28 U.S.C. § 1402(b) as the judicial district wherein the alleged acts or omissions at issue are alleged to have occurred. To the extent that this paragraph implies the Defendant committed any negligent acts or omissions, they are denied.

## PARTIES

1. Upon information and belief, Defendant admits that Plaintiff Amy McIntire, Administrator of the Estate of Richard Hopkins, was a resident of Davenport, Iowa, during the relevant time period, that Hopkins was an honorably discharged Veteran of the United States Army, and that Hopkins was the natural father of Amy McIntire, Natasha Blumenstock, and Autumn Renee Hopkins. Defendant admits that Hopkins underwent multiple procedures at the Iowa City VA facility. Defendant denies all other allegations contained in Paragraph 1 of the Amended Complaint for lack of information.

2. Upon information and belief, Defendant admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. Upon information and belief, Defendant admits the allegations contained in Paragraph 3 of the Amended Complaint.

## COMPLIANCE WITH ADMINISTRATIVE CLAIM
## FILING REQUIREMENT – 28 U.S.C. § 2675

4. Defendant admits that, through one of their attorneys on record here, Plaintiffs caused to be mailed four SF-95 forms to the VA, and states that all four claims were received by the VA on July 16, 2018. Defendant admits that two forms were submitted by McIntire, as Administrator of the Estate of Richard Hopkins – a personal injury survival claim and a wrongful death claim; one form – a wrongful death claim – was submitted by Natasha Blumenstock; and

one form – a wrongful death claim – was submitted by Autumn Hopkins. While Plaintiffs now appear to be asserting consortium claims, no corresponding administrative claims were filed.

5. Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

## FACTUAL ALLEGATIONS

6. Defendant admits that Hopkins was treated at the Iowa City VA facility on multiple dates and by multiple providers. Defendant admits that on July 25, 2017[1], Dr. John Henry Schneider performed a brain tumor removal procedure on Hopkins, specifically a left temporal craniotomy for tumor resection; on July 28, 2017, Dr. Schneider performed a revision left craniotomy procedure[2]; on August 7, 2017, Dr. Schneider performed a revision left temporal craniotomy for evacuation of intraparenchymal left subtemporal hematoma; and on August 21, 2017, Dr. Schneider performed a left frontal burr hole procedure to drain subdural fluid. Defendant admits that Hopkins died on August 23, 2017. Defendant admits that in 2018 Dr. Schneider pled guilty to one count of concealing bankruptcy assets. The remaining allegations in Paragraph 6 are speculative and/or involve legal conclusions to which no responsive pleading is required. To the extent that the Court deems a responsive pleading is necessary, Defendant denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7. Defendant admits that Dr. Schneider's Wyoming medical license was revoked prior to performing surgery on Hopkins, though he had at least one other medical license active at that

---

[1] The Complaint references July 24, 2018, and July 24, 2019. Defendant assumes Plaintiffs intended to allege that Dr. Schneider performed surgery on July 24, 2017. Defendant asserts that the initial procedure was performed on July 25, 2017, and that the three subsequent procedures occurred on July 28, August 7, and August 21.

[2] According to the medical records, the specific procedure was a "Revision left craniotomy with extension of craniotomy into frontotemporal region for evacuation of subdural hematoma and acute intraparenchymal hematoma, left side temporal lobe with subtemporal lobectomy."

time. The remaining allegations in Paragraph 7 are speculative and/or involve legal conclusions to which no responsive pleading is required. To the extent that the Court deems a responsive pleading is necessary, Defendant denies the remaining allegations in Paragraph 7 of the Amended Complaint.

## COUNT I
### Negligence - By the Estate of Richard Hopkins

8. Defendant incorporates its responses to Paragraphs 1 through 7 of the Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint.

10. Paragraph 10 is a statement of the damages Plaintiff McIntire, as Administrator of the Estate of Richard Hopkins, is seeking and does not require a response. To the extent Paragraph 10 is deemed to allege facts that require a response, Defendant denies the allegations.

The remainder of Count I represents a Prayer for Relief to which no responsive pleading is required. To the extent that the Prayer for Relief is deemed to allege facts that require a response, Defendant denies the allegations.

## COUNT II
### Consortium – By Plaintiffs MacIntire, Blumenstock, and Hopkins

11. Defendant incorporates its responses to Paragraphs 1 through 10 of the Amended Complaint.

12. Paragraph 12 is a statement of the damages Plaintiffs McIntire, Blumenstock, and Hopkins are seeking and does not require a response. To the extent Paragraph 12 is deemed to allege facts that require a response, Defendant denies the allegations.

The remainder of Count II represents a Prayer for Relief to which no responsive pleading is required. To the extent that the Prayer for Relief is deemed to allege facts that require a response, Defendant denies the allegations.

13.   Defendant denies all other allegations of the Amended Complaint not specifically admitted.

### FIRST DEFENSE

Hopkins and Plaintiff McIntire had knowledge of and voluntarily assumed the known risks and complications involved with the procedures and care administered.

### SECOND DEFENSE

Plaintiffs MacIntire, Blumenstock, and Hopkins's consortium claims are barred because they were not presented in writing to VA before the action was instituted.

### THIRD DEFENSE

Plaintiffs MacIntire, Blumenstock, and Hopkins are limited to the claims and damages set forth in their timely-filed SF-95 forms.

### FOURTH DEFENSE

Any scope of recovery for damages demanded by Plaintiffs shall be reduced by the amount of benefits paid or payable by the United States as a collateral source pursuant to Iowa Code Section 147.136, as applicable.

### FIFTH DEFENSE

Any damages demanded by Plaintiffs shall be capped by Iowa Code Section 147.136A, as applicable.

## **SIXTH DEFENSE**

To the extent that Plaintiffs have failed to present expert witnesses and evidence to support their claim pursuant to Iowa Code § 668.11 and § 147.139-.140, any allegations of medical negligence must be denied.

WHEREFORE, having fully answered the allegations set forth in Plaintiffs' Complaint, Defendant prays that this Court dismiss Plaintiffs' Complaint with prejudice, or in the alternative, grant judgment in favor of the Defendant and award such other relief as the Court deems just and proper.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/ Kristin E. Olson*
Kristin E. Olson
William C. Purdy
Assistant United States Attorney
U.S. Courthouse Annex, 2nd Floor
110 E. Court Avenue
Des Moines, Iowa 50309
Telephone: (515) 473-9309
Facsimile: (515) 473-9282
Email: kristin.olson@usdoj.gov
Email: bill.purdy@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 3, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

Robert T. Rosenstiel
Larry D. Helvey

                                         */s/ Kristin E. Olson*
                                         Kristin E. Olson
                                         Assistant U.S. Attorney